UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TERRANCE HOOD,                  )
                                )
            Petitioner,          )
                                )
       v.                        )   No. 1:18-cv-03784-TWP-DML
                                )
DUSHAN ZATECKY,                  )
                                )
            Respondent.          )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Terrance Hood for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 18-05-0127. For the reasons explained in this Entry, Mr. Hood's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On May 15, 2018, Investigator Christopher Sanford wrote a conduct report charging Mr. Hood with offense A-102, battery. Dkt. 17-1. The conduct report stated:

> On the above date and approx. time offender Hood, Terrance #883509 10-2B is seen on camera exiting his cell for dinner chow line. Hood is seen moving towards the end of the range towards offender Howard, Eddie #129850 17-2B as he exits his cell. Hood is advancing on Howard, words are exchanged and Hood lunges towards Howard with a stabbing motion with his right hand. The offenders are seen fighting at the end of the range for several minutes at the back of the range. Both offenders stop fighting and move to the front of the range and are no longer fighting.

*Id*.

On June 1, 2018, Mr. Hood was notified of the charge and his rights. Dkt. 17-2. Mr. Hood pleaded not guilty and requested a video review. *Id*. He also requested notes that he said he had when the incident took place. Dkt. 17-12, ¶ 4. The notes could not be located. *Id*. Mr. Hood waived his right to 24 hours' advance notice of the charge before the disciplinary hearing and did not request a lay advocate. Dkt. 17-2. He requested Officer A. Ross, Officer C. Thompson, and Officer E. Shehata as witnesses. *Id*. Officer A. Ross provided the following statement:

> On the above date, I was releasing the chow line on B-Block in H cellhouse for dinner chow. I was standing in front of the B-Block showers watching the line come down the stairs when I saw offender Hood thrown backwards. I witnessed him bleeding from the face and escorted him to the shakedown booth. After the line was out offender Hood stated offender Howard had assaulted him. Howard was on the 2B range and was also bloody. I assisted Sgt. C. Wiley in cuffing Howard and both offenders were escorted off unit.

Dkt. 17-3.

Officer C. Thompson provided the following statement: "I have no knowledge of this incident." Dkt. 17-4. Officer E. Shehata was not present during the incident and therefore the disciplinary hearing officer ("DHO") denied the request for his testimony. Dkt. 17-2.

A disciplinary hearing for case ISR 18-05-0127 was initially scheduled for May 25, 2018,

but was continued to June 6, 2018. Dkt. 17-5. It was continued a second time to June 15, 2018, because of a staff shortage and because Mr. Hood added a witness through facility mail. Dkt. 17-6. The hearing was continued for a third time to June 26, 2018, due to a staff shortage. Dkt. 17-7. The hearing was continued two more times because of a staff shortage and because Mr. Hood requested video evidence. Dkt. 17-8; dkt. 17-9.

The hearing was conducted on July 11, 2018. Dkt. 17-10. Mr. Hood testified, "Eddie had been threatening me. There were 2 notes turned into I.I. 3 hours prior to this incident that show Eddie. I went to Eddie and told him to stop sending me these bully ass notes. In the recorded I.I. interview he speaks of the notes." *Id*. Based on staff reports, Mr. Hood's statement, evidence from the witnesses, a conversation with Internal Investigator Turney, and the video evidence, the DHO found Mr. Hood guilty of B-212, assault, a lesser offense than A-102 battery. *Id*. Offense A-102 battery is defined as: "[k]nowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner places any bodily fluid or bodily waste on another person." Dkt. 17-15. A B-212 offense (battery) is defined as "committing a battery upon another person." *Id*.

The DHO noted that she denied Mr. Hood's request for another continuance to locate the two notes showing offender Howard's threats because four continuances had already been granted for various evidence and witnesses. Dkt. 17-10. The DHO imposed sanctions which included a credit class demotion and a 90-day loss of earned good time credit. *Id*.

Mr. Hood filed a first-level appeal and a second-level appeal, both of which were denied. Dkt. 17-13; dkt. 17-14. This habeas action followed.

**C.     Analysis**

Mr. Hood alleges that his due process rights were violated in the disciplinary proceeding.

His claims are: (1) he was denied the opportunity to present evidence, specifically, notes Mr. Hood had at the time of the incident and additional video footage; (2) he was denied the right to a hearing before an impartial decision-maker; and (3) he was not provided with 24-hours advanced notice of the charge of which he was found guilty. Dkt. 2.

Mr. Hood's first claim is that he was denied the opportunity to present evidence. He argues that the notes that were written by the other offender were exculpatory because they would have established the severity of the threats made against Mr. Hood. The additional video he requested was from a camera in a different location.

Inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (internal quotation omitted). The problem here is that the notes, even if they could have been located, were not, in fact, exculpatory. In addition, the different video angle allegedly would have shown that the other offender had a knife and attacked Mr. Hood. Although this evidence arguably would have shown that the other offender had threatened Mr. Hood and stabbed Mr. Hood, it would not have demonstrated that Mr. Hood did not engage in a battery. To the extent Mr. Hood is contending that he acted in self-defense, inmates do not have constitutional right to raise self-defense when accused of misconduct. *Id*. at 848. Here, there was no due process error based on any denial of evidence.

Mr. Hood's second claim is that he was denied an impartial decision-maker. He argues that the DHO only considered evidence that supported a guilty finding and denied him the notes and additional video. As discussed above, any denial of the evidence discussed above did not deny Mr. Hood due process. Moreover, in essence, Mr. Hood argues that he believes the DHO was biased. Simply alleging bias is not sufficient to support a due process violation. "[T]he constitutional

standard for impermissible bias is high." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). *Id.* "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Id.* at 667. There is no evidence that the DHO was involved in the underlying events or in the investigation of the fight between the offenders. There is no due process violation in this regard.

Even if there were a due process violation in this regard, Mr. Hood has not presented any evidence of prejudice. In other words, there is no evidence that he did not engage in the fight. Absent a showing of prejudice, any potential due process error would have been harmless. *See Jones*, 637 F.3d at 846-47.

Although Mr. Hood did not assert his remaining claim relating to advanced notice in his administrative appeals, the Court has determined that it is more judicially efficient to discuss it on the merits rather than review the procedural default defense. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018) ("Rather than work our way through the maze of these procedural arguments, however, we think it best to cut to the chase and deny [the petitioner's] due process claim on the merits.").

Mr. Hood argues that he was denied 24-hour notice of the charge of assault, the offense of which he was found guilty. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Here, the facts underlying either a A-102 battery or a B-212 offense were the same. The evidence supports a finding that Mr. Hood knowingly or intentionally touched offender Howard in a rude manner. The video evidence shows that Mr. Hood went toward Mr. Howard with the notes in his hand; accepting that Mr. Hood was demanding that

Mr. Howard stop threatening him, and even if Mr. Howard then stabbed him and Mr. Hood fought back causing injury to both inmates, they engaged in a fight. Mr. Hood had sufficient notice of the facts that support the ultimate offense charged.

"The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report, Mr. Hood's statement, the other witness statements, and the video evidence constituted sufficient evidence to support the guilty finding in this case.

Mr. Hood was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Hood's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hood to the relief he seeks. Accordingly, Mr. Hood's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Mr. Hood's motion to reconsider the denial of his motion for discovery, dkt. [29], is **denied for the same reasons** his motions for discovery were denied. In addition, no additional evidence would undermine the guilty finding because Mr. Hood does not dispute that he was involved in a "physical altercation" with the other offender. *Id.*

Mr. Hood's motion for a ruling, dkt. [32], is **granted** to the extent his motion for reconsideration is denied.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/1/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRANCE HOOD
883509
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov